Mark L. Javitch* (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
javitchm@gmail.com
*Attorney for Plaintiff* and the Class
*Pending Pro Hac Vice Admission

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>RESOURCE MANAGEMENT GROUP, INC., a Kansas corporation, and PAUL M. GUNZELMAN, an individual<br><br>Defendant. | Case No.: 8:19CV40<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

1. Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant RESOURCE MANAGEMENT GROUP, INC. and Defendant PAUL M. GUNZELMAN (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

1

## NATURE OF THE ACTION

2. Defendants are debt collectors. As a primary part of their debt collection efforts, Defendants and their agents place thousands of automated calls employing a prerecorded voice message to consumers' cell phones nationwide.

3. Unfortunately, Defendants do not obtain prior express written consent to place these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of a prerecorded voice called to consumers' cell phones without their consent.

6. By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop clogging consumers' cell phones with unwanted prerecorded messages, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Terrence Shanahan is a natural person and is a citizen of the District of Nebraska.

9. Defendant RESOURCE MANAGEMENT GROUP, INC. ("Defendant RMG") is a corporation organized and existing under the laws of the State of Kansas with its principal place of business at PO Box 2491, Matthews, North Carolina, 28105.

10. Defendant PAUL M. GUNZELMAN ("Defendant Gunzelman") is a natural person and is a citizen of the State of Kansas. Defendant Gunzelman is President, Officer, and Director of Defendant RMG.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Nebraska and because the events giving rise to this lawsuit occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants regularly conduct business in the State of Nebraska and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendants are debt collectors.

15. To increase the effectiveness of their debt collections, Defendants repeatedly called and sent prerecorded voice messages to thousands of cell phones at once.

16. When the Class members answered their cell phones or listened to their messages expecting to hear from a real person, Defendants pulled a bait and switch by playing a prerecorded voice message.

17. Defendants respected Class Members' time and privacy so little that it did not even employ a real person to call them – it employed a machine to play prerecorded messages to thousands of consumers at once in the hopes that a couple may call the company back.

18. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding their cell phones with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF TERRENCE SHANAHAN

19. On January 18, 2019, Plaintiff received a call from Defendants and/or their agents on his cell phone.

3

20. When Plaintiff listened to the message, he heard a prerecorded electronic message from Defendants.

21. The voice message asked for the call to be returned to Defendants' phone number at 980-999-8205.

22. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants and has never requested that Defendants contact him in any manner.

**23.** Defendants' intrusive calls adversely affected Plaintiff's right to privacy.

## CLASS ALLEGATIONS

24. **Class Definition**: Plaintiff Shanahan brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a class defined as follows:

> **No Consent Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular telephone; (4) that was called using an autodialer and/or played a prerecorded voice message; (5) for the purpose of Defendants' collections efforts; (6) where Defendants did not have any record of prior express written consent to place such call at the time it was made.

25. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

4

27. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

29. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   i. Whether Defendants' conduct violated the TCPA;

   ii. Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;

   iii. Whether Defendants called and played its voice recordings to thousands of cell phones;

   iv. Whether Defendants obtained prior written consent prior to contacting any members of the Class;

   v. Whether members of the Class are entitled to treble damages based on the knowing or willfulness of Defendants' conduct.

31. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members

of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendants and/or its agent placed telephone calls to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

34. Defendants' calls were made for a commercial purpose.

35. Defendants played a prerecorded voice message to the cell phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

36. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

37. Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

38. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

6

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terrence Shanahan, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Terrence Shanahan as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 25, 2019

Respectfully submitted,

TERRENCE SHANAHAN, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)*
Mark L. Javitch, Attorney at Law

210 S. Ellsworth Ave #486
San Mateo CA 94401
Tel: 402-301-5544
Fax: 402-396-7131

*Attorney for Plaintiff and the Putative Class*
*Pending Pro Hac Vice Admission

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TERRENCE SHANAHAN

**DEFENDANTS**
RESOURCE MANAGEMENT GROUP, INC.
PAUL M. GUNZELMAN

(b) County of Residence of First Listed Plaintiff: **Douglas County, NE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Sedgewick County, KS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Mark L. Javitch, 210 S. Ellsworth Ave #486, San Mateo CA 94401

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227 (Telephone Consumer Protection Act of 1991 or "TCPA")
Brief description of cause:
Calls to Plaintiff's cell phone in violation of TCPA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5000000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

January 25, 2019

Roman L. Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, NE 68102

Dear Clerk of the Court:

Please see the attached complaint and the check for the $400.00 filing fee.

Although I am not yet admitted to this case, I am registered with ECM/CF and I will file the application for Pro Hac Vice admission online as soon as I have the case number.

Your help is greatly appreciated.

Thank you,

*[signature]*

Mark L. Javitch* (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
javitchm@gmail.com
*Attorney for Plaintiff* and the Class
*Pending Pro Hac Vice Admission

RECEIVED

JAN 28 2019

CLERK
U.S. DISTRICT COURT

PRESS FIRMLY TO SEAL          PRESS FIRMLY TO SEAL          PRIORITY MAIL EXPRESS
                                                            POSTAGE REQUIRED

# PRIORITY
## ★ MAIL ★
### EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

**RECEIVED**
JAN 28 2019
CLERK
U.S. DISTRICT COURT

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



EP13F July 2013   OD: 12.5 x 9.5



PS10001000006

**USPS PRIORITY MAIL EXPRESS** — E

MARK L. JAVITCH
ATTORNEY AT LAW
UNIT 486
210 S ELLSWORTH AVE
SAN MATEO CA 94401-6000

SIGNATURE REQUIRED

ROMAN L. HRUSKA FEDERAL COURTHOUSE
US DISTRICT COURT
111 S 18TH PLZ STE 1152
OMAHA NE 68102-1322

Ship Date: 01/25/19
Flat Rate Env

SAN MATEO CA — JAN 25 2019 — USPS

9281 7901 7554 7700 0000 0734 95
USPS SIGNATURE TRACKING # EP

shippo

PRIORITY MAIL
EXPRESS
U.S. POSTAGE PAID
Shippo
ePostage

+ Money Back Guarantee for U.S. destinations only.

VISIT US AT USPS.COM®

 

UNITED STATES
POSTAL SERVICE

This envelope is made from post-consumer waste. Please recycle - again. • This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.